**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA, EX. REL.
KELLY NICOLE WUESTENHOEFER**             **PLAINTIFF**

**VS.**             **CIVIL ACTION NO. 4:10cv012-M-V**

**A.J. JEFFERSON (a/k/a Ann Jefferson)
individually, et al.**             **DEFENDANTS**

**ORDER**

Before the court is Defendant A.J. Jefferson's Motion to Substitute [67]. The court has considered the motion and Plaintiff's response in opposition and has determined that the motion is well-taken and should be granted.

Jefferson brings the instant motion pursuant to FED.R.CIV.P. 25(d), seeking an order substituting Patricia Logan, the current Executive Director of South Delta Regional Housing Authority ("SDRHA"), in her official capacity as a party-defendant in the place of A.J. Jefferson, the former Executive Director, in her official capacity. Plaintiff argues against substitution, contending that it is unnecessary in this instance and would ultimately confuse a jury. The Court disagrees with Plaintiff on both points, however. First, though Rule 25(d) provides that substitution under the circumstances presented here is automatic and that the absence of an order of substitution does not affect said substitution, the rule, nevertheless, provides that "[l]ater proceedings should be in the substituted party's name." Plaintiff has not presented any legal authority which supports ignoring this language. Next, the court is not persuaded that disallowing formal substitution would prove to be any less confusing than allowing it, especially

since in the case of either Jefferson or Logan, said parties named in their official capacities are essentially nominal defendants named in order to pursue damages collectible from SDRHA. Finally, given the rule's direction that the case proceed in the name of the automatically substituted party, it strikes the court as perhaps more confusing to a jury to have the parties, counsel and court do as the rule directs, while the style of the case reflects something different. Accordingly, it is,

**THEREFORE, ORDERED**:

1. That Jefferson's Motion to Substitute [67] is hereby GRANTED, and Patricia Logan in her official capacity as Executive Director of South Delta Regional Housing Authority is substituted in the place of A.J. Jefferson in her official capacity as Executive Director of South Delta Regional Housing Authority (A. J. Jefferson to remain named as a defendant in her individual capacity);

2. That the Clerk shall promptly amend the record of this case to reflect the foregoing substitution.

This 18th day of April, 2013.

/s/ Jane M. Virden
JANE M. VIRDEN
UNITED STATES MAGISTRATE JUDGE