IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA *ex rel.*                                 PLAINTIFF
KELLY NICOLE HORTON WUESTENHOEFER, et al.

VS.                                  CIVIL ACTION NO.: 4:10-CV-00012-DMB-DAS

A.J. JEFFERSON, et al.                                           DEFENDANTS

**MEMORANDUM BRIEF IN SUPPORT OF MOTION TO STRIKE
SUMMARY JUDGMENT EXHIBITS**

South Delta Regional Housing Authority, Howard Sanders, Robert Gray, Larry Cordell, Patricia Logan, and Dinnial Love ("Defendants") respectfully submit this memorandum brief in support of their motion to strike several exhibits filed by Plaintiff in response to Defendants' motions for summary judgment.

## I. INTRODUCTION

In response to Defendants' motions for summary judgment, Plaintiff submitted several exhibits which do not set forth facts that are admissible in evidence. As such, Defendants object to, and move to strike, the following exhibits submitted by Plaintiff:

(1) Affidavit of Angela Brady (in part);[1]

(2) FBI 302 of Mattie Minor;[2]

(3) FBI 302 of Larry Cordell;[3]

(4) FBI 302 of Howard Sanders;[4]

(5) FBI 302 of DJ Williams;[5]

---

[1] Doc. 295 (Exhibit 18 to South Delta's motion for summary judgment) and Doc. 318 attachment #1.

[2] Doc. 296.

[3] Doc. 298 and 310.

[4] Doc. 301 and 308.

    (6) FBI 302 regarding meeting with Howard Sanders, Robert Gray, Larry Cordell, and Steve Oswalt;[6]

    (7) FBI 302 of Dinnial Love;[7] and

    (8) Alleged South Delta Procurement Policy;[8]

As shown below, those exhibits should be stricken and not considered by the Court for purposes of summary judgment.

## II. ARGUMENT

Rule 56(c)(4) requires that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[9] Further, "conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial."[10]

### A. Angela Brady's affidavit is not admissible.

Plaintiff submitted Angela Brady's affidavit in response to motions for summary judgment filed by South Delta, Patricia Logan, and Dinnial Love. Defendants move to strike the following portions of Angela Brady's affidavit:

---

[5] Doc. 315.

[6] Doc. 314.

[7] Doc. 318 (attachment 3).

[8] Doc. 307.

[9] *Fed. R. Civ. P. 56(c)(4).*

[10] *Matthews v. City of West Point*, 863 F.Supp.2d 572, 582-583 (N.D. Miss. 2012).

(1) Paragraph 3:

Following the raid by the FBI on SDRHA's headquarters on June 2, 2010, I agreed to act as a confidential informant for the FBI with respect to their investigation of Ann Jefferson, <u>and others with whom she conspired to embezzle money from the Department of Housing and Urban Development</u>. I began wearing a wire on Saturday June 5th, 2010.

The underlined portion of paragraph 3 is not a fact that is admissible in evidence. It is a purposely vague legal conclusion and an attempt to mislead the Court regarding purpose of the FBI investigation.

(2) Paragraph 4:

While wearing this wire, I recorded Ann Jefferson, Jimmy Johnson, Patricia Logan, Dinnial Love and others <u>who were aware of and participated in the scheme to obtain federal funds by providing false invoices. I personally had conversations, or witnessed conversations with Patricia Logan and Dinnial Love in which they were clearly aware of the false invoice scheme that was transpiring involving Jefferson and Johnson.</u>

The underlined portion of paragraph 4 does not contain facts that are admissible in evidence. It contains legal conclusions, unsupported assertions, speculation and conclusory allegations. And to the extent Plaintiff is attempting to prove the existence of a false claim through that testimony, it violates F.R.E. 1002. If Plaintiff desires to prove the contents of a writing, she must do so through production of the original writing.

(3) Paragraph 5:

<u>I am aware of an incident involving Patricia Logan in which Mrs. Logan was assisting Ann Jefferson in preparing some false documents to send to HUD in an effort to blame Nikki Wuestenhoefer for something she didn't do, in an effort to get her fired</u>. <u>There is a recorded conversation of me asking Patricia why she was helping Ann Jefferson set up Nikki. Patricia's response was "I'm just doing what I'm told."</u>

The underlined portion of paragraph 5 does not contain facts that are admissible in evidence. It contains purposely vague conclusions, including legal conclusions. With regard to the "recorded conversation," the affidavit violates F.R.E. 1002. If Plaintiff

3

desires to prove the contents of a recording, she must do so through production of the original recording.

> (4) Paragraph 8
>
> <u>During the remainder of June, July, August, and early September, Jefferson, with the full knowledge of all the employees, board members, and counsel, began removing job responsibilities and duties from Nikki, and efforts were made to work extremely uncomfortable for her in hopes that she would quit. At no time during this time was I or anyone else to my knowledge, ever discouraged by the attorneys representing SDRHA from harassing Nikki. In fact, just the opposite was true.</u>

Paragraph 8 contains no facts that are admissible in evidence. There is nothing in paragraph 8 which establishes that Ms. Brady is testifying from personal knowledge.[11] Further, paragraph 8 is loaded with legal conclusions, speculation, and conclusory allegations. That paragraph is also flatly contradicted by an incident report authored and signed by Angela Brady on August 12, 2010, wherein Ms. Brady reported to South Delta management that she and Plaintiff had engaged in a heated argument on the same date.[12] In the incident report, Ms. Brady states that Plaintiff threatened to send Ms. Brady to jail for "falsifying documents."[13]

> (5) Paragraph 9
>
> On September 13, 2010, the FBI conducted a raid on Jefferson's home. Three days later, on September 16, 2010, SDRHA held a board meeting <u>for the purpose of firing Wuestenhoefer</u>.

The underlined portion of paragraph 9 does not contain facts that are admissible in evidence. Instead, it contains an unsupported legal conclusion that is not based on the witness's personal knowledge. Angela Brady was not a South Delta commissioner.

---

[11] *Fed. R. Evid. 602* ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")

[12] See Doc. 245-25 at bates number 100434 and 100435.

[13] *Id.*

The referenced portions of Ms. Brady's affidavit should be stricken and not considered by the Court for purposes of analyzing the pending motions for summary judgment.

### B. The FBI 302's are inadmissible.

The referenced FBI 302's that Plaintiff submitted in response to motions for summary judgment are all inadmissible hearsay.[14] Each 302 is a hearsay statement in and of itself, and the contents of each 302 contain numerous instances of multiple layers of hearsay. All of the 302's should be stricken and not considered by the Court in analyzing the pending motions for summary judgment.

### C. The alleged revised South Delta procurement policy is inadmissible.

Plaintiff submitted an alleged revised South Delta procurement policy as Exhibit 4 to her response to motions for summary judgment filed by Robert Gray, Howard Sanders, and Larry Cordell.[15] Defendants object to this exhibit because it has not been authenticated and is therefore not relevant or admissible.[16] South Delta has no record of that document ever being presented to the Board of Commissioners nor any record of a resolution adopting those revised procurement policies. In fact, it was Plaintiff who produced the alleged revised procurement policy to South Delta. Rule 901 requires Plaintiff to present evidence sufficient to support a finding that the item is what the proponent claims it is.[17] Unless Plaintiff can demonstrate that her Exhibit 4 is actually a revised South Delta procurement policy that was implemented by the South Delta Board of Commissioners, then the document is not relevant or admissible.

---

[14] *Fed. R. Evid. 801, 802. See also U.S. v. Whitfield*, 590 F.3d 325 at FN 28 (5th Cir. 2011).
[15] Doc.307.
[16] *Fed. R. Evid. 901, 401.*
[17] Fed. R. Evid. 901(a).

III. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to strike, and not give any consideration to, the referenced exhibits submitted by Plaintiff in response to Defendants' motions for summary judgment.

Respectfully submitted, this the 30th day of October, 2014.

          **South Delta Regional Housing Authority**

By:   /s Robert V. Greenlee
       Robert V. Greenlee (MSB No. 100638)

Of Counsel:
Robert V. Greenlee (MSB# 100638)
Kitchens Hardwick & Whitfield, PLLC
1000 Lake Village Circle
Brandon, Mississippi 39047
(601) 919-9962 – Telephone
(601) 919-9967 – Facsimile
robert@kitchenshardwick.com

### Certificate of Service

I, Robert V. Greenlee, do hereby certify that as of this date, I have filed electronically the foregoing document with the Clerk of Court using the ECF system that sent notification of such filing to all counsel of record.

This 30th day of October, 2014.

          /s/ Robert V. Greenlee
          Robert V. Greenlee, MSB No. 100638