IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**UNITED STATES OF AMERICA** *ex rel*  **PLAINTIFF**
**KELLY NICOLE HORTON**
**WUESTENHOEFER, et al.;**

**V.** NO. 4:10-CV-00012-DMB-DAS

**A.J. JEFFERSON, et al.** **DEFENDANTS**

### ORDER REGARDING MOTION TO
### STRIKE SUMMARY JUDGMENT EXHIBITS

On October 14, 2014, Plaintiff, in opposition to motions for summary judgment filed by Defendants South Delta Regional Housing Authority ("SDRHA"), Howard Sanders, Robert Gray, Larry Cordell, Patricia Logan, and Dinnial Love, submitted numerous exhibits to this Court. *See* Docs. # 277–302, 304–316. On October 30, 2014, the defendants moving for such summary judgment relief filed the instant motion to strike certain of those exhibits. Doc. #331. Specifically, Defendants seek to strike: (1) portions of an affidavit of Angela Brady [295]; (2) a Federal Bureau of Investigation ("FBI") Form 302 of Mattie Minor [296]; (3) an FBI Form 302 of Larry Cordell [298]; (4) an FBI Form 302 of Howard Sanders [301]; (5) an FBI Form 302 of DJ Williams [315]; (6) an FBI Form 302 memorializing a meeting between Sanders, Gray, Cordell, and Steve Oswalt [314]; (7) an FBI Form 302 of Dinnial Love [318]; and (8) a form purporting to be a SDRHA "Procurement Policy" [307].[1]

---

[1] Some of the Form 302 documents filed by Plaintiff that are the subject of the instant motion contain personal and sensitive information. Local Rule 5.2 provides that it is the sole responsibility of counsel and the parties to ensure that all pleadings conform to its redaction-related standards. While Local Rule 5.2 also advises that neither the Court nor the Clerk will review pleadings or other documents for compliance, this Court will not hesitate to bring to the parties' attention the filing of any non-compliant documents and pleadings.

# I
# Brady Affidavit

In her affidavit, Angela Brady, a former employee of Defendant SDRHA, avers on her experiences as an FBI confidential information during the investigation of A.J. Jefferson. Doc. #295. Defendants object to five paragraphs of Brady's affidavit on various grounds.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, an affidavit "used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant … is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "A district court may rely upon affidavits in the summary judgment context where the affiants' 'personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters to which they swore.'" *Lohn v. Morgan Stanley, DW, Inc.*, 652 F. Supp. 2d 812, 823-24 (S.D. Tex. 2009) (quoting *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005)). Related to the personal knowledge requirement, the Fifth Circuit has held that courts may not "allow the admission of pure hearsay or speculation as evidence to avoid summary judgment." *Vance v. N. Panola Sch. Dist.*, No. 98-60719, 189 F.3d 470, at *2 (5th Cir. July 16, 1999) (citing *Sales v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992)).

## A. Paragraph 3

Paragraph 3[2] of the Brady Affidavit states:

> Following the raid by the FBI on SDRHA's headquarters on June 2, 2010, I agreed to act as a confidential informant for the FBI with respect to their investigation of Ann Jefferson, and others with whom she conspired to embezzle money from [HUD]. I began wearing a wire on Saturday June 5th, 2010.

Doc. #295 at ¶ 3.

---

[2] The paragraphs of the affidavit are unnumbered. See Doc. #295. The parties refer to the paragraphs by the order in which they appear in the document. The Court will do the same for the purpose of this order.

In their motion, Defendants seek to strike from the first sentence the language "and others with whom she conspired to embezzle money from [HUD]." Doc. #332 at 3. Defendants contend that this clause is "a purposely vague legal conclusion and an attempt to mislead the Court regarding the purpose of the FBI investigation." *Id*.

As an initial matter, Defendants do not cite any evidence "regarding the purpose of the FBI investigation" or which would support the proposition that the challenged statement constitutes an "attempt to mislead the Court." Without more, the Court finds this objection without merit.

Turning to Defendants' second objection, the Court notes that conclusions of law are improper subjects for affidavits. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) ("unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment") (internal quotation marks omitted). Of relevance here, testimony that an individual was "involved in a conspiracy" is considered "an impermissible legal conclusion under Federal Rule of Evidence 704." *U.S. v. Daggs*, 448 Fed. App'x 504, 507 (5th Cir. 2011).

Here, Brady's affidavit states that Jefferson "conspired" with others to embezzle money. While this statement may be true,[3] it is clearly an impermissible legal conclusion under *Daggs*. Accordingly, the motion to strike paragraph 3 will be granted.

**B. Paragraph 4**

Paragraph 4 of the Brady Affidavit states:

> While wearing this wire, I recorded Ann Jefferson, Jimmy Johnson, Patricia Logan, Dinnial Love and others who were aware of and participated in the scheme to obtain federal funds by providing false invoices. I personally had

---

[3] Plaintiff states, and Defendants do not contest, that "Jefferson was found guilty of conspiring with [Jimmy] Johnson and others …." Doc. #335 at 2.

conversations, or witnessed conversations with Patricia Logan and Dinnial Love in which they were clearly aware of the false invoice scheme that was transpiring involving Jefferson and Johnson.

Doc. #295 at ¶ 4.

Defendants object to the portion of the paragraph following the word "others" in the first sentence. Doc. #32 at 3. Defendants claim that this challenged portion "contains legal conclusions, unsupported assertions, speculation and conclusory allegations."[4] *Id.* Plaintiff responds that the portion is admissible as lay opinion testimony to establish Logan and Love's awareness of Jefferson's invoice "scheme." Doc. #335 at 3–4.

Pursuant to Federal Rule of Evidence 701, a non-expert witness may testify in the form of an opinion if the testimony is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." In interpreting Rule 701, "[c]ourts often have permitted lay witnesses to express opinions about the motivation or intent of a particular person if the witness has an adequate opportunity to observe the underlying circumstances." *Hansard v. Pepsi-Cola Metro. Bottling Co., Inc.*, 865 F.2d 1461, 1466 (5th Cir. 1989). However, as a general matter, lay opinion testimony should not be permitted to establish knowledge because once a "witness has fully described what a [person] was in position to observe, what the [person] was told, and what the [person] said or did, the witness's opinion as to the [person's] knowledge will often not be 'helpful' within the meaning

---

[4] Defendants also submit that "to the extent Plaintiff is attempting to prove the existence of a false claim through [the] testimony, it violates [Federal Rule of Evidence] 1002." Under the "best evidence rule" of Rule 1002, "[a]n original writing, recording, or photograph, is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. Here, the statement does not purport to state the contents of a piece of writing. Accordingly, Rule 1002 is inapplicable.

4

of Rule 701 ...." *U.S. v. Jensen*, No. 3:09-cr-00108, 2011 WL 1671752, at *2 (D. Alaska May 4, 2011) (citing *U.S. v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992)).[5]

The Court concludes that, insofar as Plaintiff seeks to introduce the challenged language for the sole purpose of establishing Love's and Logan's knowledge, the testimony will not be helpful, and thus may not be admitted as a lay opinion. Accordingly, the Court will strike those portions of paragraph 4 which state "who were aware of and participated in the scheme to obtain federal funds by providing false invoices" and "in which they were clearly aware of the false invoice scheme that was transpiring involving Jefferson and Johnson."

### C. Paragraph 5

Paragraph 5 of the Brady Affidavit states:

> I am aware of an incident involving Patricia Logan in which Mrs. Logan was assisting Ann Jefferson in preparing some false documents to send to HUD in an effort to blame Nikki Wuestenhoefer for something she didn't do, in an effort to get her fired. There is a recorded conversation of me asking Patricia why she was helping Ann Jefferson set up Nikki. Patricia's response was "I'm just doing what I'm told."

Doc. #295 at ¶ 5.

Defendants object to the entirety of paragraph five on grounds that "[i]t contains purposely vague conclusions, including legal conclusions" and "[w]ith regard to the 'recorded conversation,'" violates Federal Rule of Evidence 1002.

The Court has considered the entirety of paragraph 5 and concludes that it does not contain vague or legal conclusions. Turning to the best evidence objection, Plaintiff correctly states that "[t]he fact that there might also be a recording of that conversation does not disqualify [Brady] from testifying as to what she and Logan discussed." Doc. #335 at 5. However,

---

[5] In *Rea*, the Second Circuit noted that "[w]hen the issue is a party's knowledge, which is perhaps a more easily fathomed state of mind than ... intent or motivation, we suspect that in most instances a proffered lay opinion will not meet the requirements of Rule 701." *Rea*, 958 F.2d at 1216.

5

paragraph 5 does not purport to testify as to the actual conversation between Brady and Jefferson. Rather, the paragraph explicitly references the <u>contents of the recording</u> of the conversation. This is precisely the type of testimony Rule 1002 prohibits. Accordingly, the motion to strike will be granted as to the statement regarding the contents of the audio recording and denied in all other respects.

### D. Paragraph 8

Paragraph 8 of the Brady Affidavit states:

> During the remainder of June, July, August, and early September, Jefferson, with the full knowledge of all of the employees, board members, and counsel, began removing job responsibilities and duties from Nikki, and efforts were made to work [sic] extremely uncomfortable for her in hopes that she would quit. At no time during this time was I or anyone else to my knowledge, ever discouraged by the attorneys representing SDRHA from harassing Nikki. In fact, just the opposite was true.

Doc. #295 at ¶ 8.

Defendants object to the entirety of the paragraph because: (1) "Paragraph 8 contains no facts that are admissible in evidence;" (2) the paragraph is "flatly contradicted" by an incident report reflecting that Brady and Plaintiff "engaged in a heated argument" during which Plaintiff threatened to send Brady to jail; (3) "paragraph 8 is loaded with legal conclusions, speculation, and conclusory allegations"; and (4) "[t]here is nothing in paragraph 8 which establishes that Ms. Brady is testifying from personal knowledge." Doc. #332 at 4.

"Evidentiary objections must be specific." *U.S. v. Avants*, 367 F.3d 433, 445 (5th Cir. 2004). Defendants' blanket objection to the "admissib[ility]" of the facts in the statement falls well short of this mandate. Accordingly, this objection will be overruled.

The Court does not see how the alleged incident between Brady and Plaintiff as set forth in the incident report "flatly contradicts" any of the factual statements in paragraph 8.

6

Additionally, the existence of rebuttal evidence does not automatically render evidence inadmissible. *See United States v. Bisbee*, 245 F.3d 1001, 1007 (8th Cir. 2001) ("That [the defendant] presented evidence tending to contradict the facts in the [public documents admitted pursuant to Fed. R. Evid. 902] does not render the properly admitted evidence inadmissible."). Thus, the incident report does not justify striking paragraph 8.

As to the remaining objections, as explained above, testimony about the knowledge of others is inadmissible lay opinion. Accordingly, the motion to strike must be granted as to Brady's statement regarding the knowledge of SDRHA's employees, board members, counsel, and "anyone else." Such testimony is also speculative. However, but for the reference to knowledge, Plaintiff's position as an employee at SDRHA provides a reasonable basis to infer that she has personal knowledge regarding the subject matter of paragraph 8 – that is, Defendants' treatment of Plaintiff at SDRHA and Jefferson's motivation for removing Plaintiff's job responsibilities. Given this personal knowledge, the Court concludes that the paragraph does not include legal conclusions or conclusory allegations. Thus, the motion to strike Paragraph 8 will be granted as to the reference to knowledge, and denied in all other respects.

### E. Paragraph 9

Paragraph 9 of the Brady Affidavit states, in relevant part: "On September 13, 2010, the FBI conducted a raid on Jefferson's home. Three days later, on September 16, 2010, SDRHA held a board meeting for the purpose of firing Wuestenhoefer." Doc. #295 at ¶ 9. Defendants object to the language "for the purpose of firing Wuestenhoefer" on the basis that Brady lacked personal knowledge of the Board's motive. Doc. #332 at 4.

There is no indication that Brady witnessed or participated in the organization or execution of the September 16, 2010, Board meeting.[6] In the absence of such evidence, the Court cannot infer that Brady possesses personal knowledge regarding the intent of the meeting. *See In re Actos (Pioglitazone) Prods. Liab. Litig.*, No. 6:11-md-2299, 2014 WL 2921653, at *37 (W.D. La. June 23, 2014) (witness could not testify as to reason company made decision when he "did not attend the … meeting [and] was not involved in [the] decision"). Accordingly, the motion to strike the challenged section of paragraph 9 will be granted.

**F. Summary**

The motion to strike the Brady Affidavit should be: (1) granted as to paragraph 3; (2) granted as to paragraph 5's reference to an audio recording of Jefferson and Brady, and denied as to the remainder of paragraph 5; (3) granted as to paragraph 8's reference to knowledge, and denied as to the remainder of paragraph 8; and (4) granted as to paragraph 9.

**II**
**Form 302s**

In response to the various motions for summary judgment, Plaintiff has submitted six FBI Form 302s. According to FBI Special Agent Dustin Blount:

> When … interviews [with witnesses or participants in suspected criminal activities] are conducted, it is standard practice for the interviewing agent, or another agent present at the interview, to preserve what was said in the interview in a document known as an FD-302, or simply – "302", so that an accurate record of the interview will be preserved and maintained by the FBI.

Doc. #335-1 at ¶¶ 1–2. The Form 302s at issue here purport to reflect notes from interviews with: (1) Mattie Minor; (2) Larry Cordell; (3) Howard Sanders; (4) DJ Williams; (5) Sanders, Gray, Cordell, and Steve Oswalt; and (6) Dininal Love.

---

[6] In her response brief, Plaintiff cites facts which tend to show that Brady had personal knowledge of the purpose of the meeting. Doc. #335 at 8–9. No such facts appear in evidence.

8

Defendants seek to strike all the 302s because "each 302 contain[s] numerous instances of multiple layers of hearsay."[7] Doc. #332 at 5. Plaintiff responds that the forms are: (1) not hearsay because they are admissions of party opponents; (2) admissible under the hearsay exception of public reports; and (3) not hearsay because they are not being introduced for the truth of the matter asserted. Doc. #335 at 9-12.

Under Rule 801 of the Federal Rules of Evidence, hearsay is defined as a "statement that … the declarant does not make while testifying at the current trial or hearing [and ] a party offers in evidence to prove the truth of the matter asserted in the statement." Where a document contains a recordation of a statement, the document is said to contain "hearsay within hearsay." *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 280 (5th Cir. 1991). When a piece of evidence contains hearsay within hearsay, all "levels of hearsay must come within exceptions to the hearsay rule." *Id*. To this end, "the proponent of the proffered hearsay evidence … bears the burden of proving the applicability of an exception." *Malley v. Wal-Mart Stores, Inc.*, No. 1:12-cv-127, 2013 WL 2099917, at *2 (S.D. Miss. May 14, 2013) (citing *U.S. v. Fernandez-Roque*, 703 F.2d 808, 812 (5th Cir. 1983)).

Here, the 302s contain two levels[8] of potential hearsay: (1) the statements made to the FBI agents; and (2) the recordation of the statements by the agents. *Id.* ("The recordation of Rock's statement by Gardner and Christian are classic examples of hearsay within hearsay."). Thus, for the 302s to be admissible, Plaintiff must show that each level of potential hearsay

---

[7] In their reply brief Defendants also submit that the 302s of Cordell and Sanders are inadmissible under Rule 410(a)(3) of the Federal Rules of Evidence. Doc. #336 at 3. However, reply briefs may not raise new arguments. *See Cross v. Senior Living Props., LLC*, No. 3:07-cv-285, 2008 WL 495860, at *1 n. 1 (N.D. Tex. Feb. 19, 2008) ("the court may not consider a new argument made for the first time in a reply") (citing *Ghoman v. New Hampshire Ins. Co.*, 159 F. Supp. 2d 928, 936 n.9 (N.D. Tex. 2001)).

[8] While the Defendants suggest that the 302s contain additional level of hearsays, they do not identify any instances of such testimony.

9

either falls under a hearsay exception; or is not hearsay, as that term is defined under the Federal Rules of Evidence.

### A. Statements Made to the FBI Agents

Plaintiff contends that the statements of Cordell, Sanders, and Love, are not hearsay because they are admissions of party opponents. Defendants argue that, while the statements of Cordell, Sanders, and Love, may not be hearsay, the 302 forms themselves still fall under the hearsay rule. Put differently, Defendants argue that the party opponent rule justifies the first level of hearsay, but not the second.

Rule 801(d)(2) excludes from the definition of hearsay a statement "offered against an opposing party … made by the party in an individual or representative capacity." Accordingly, any statements made by Cordell, Sanders, or Love, are not hearsay if offered against them.[9] However, Plaintiff has not offered a hearsay exception for the statements made by Minor, Williams, Gray, or Oswalt. Accordingly, statements made by these individuals to the FBI agents may not be used to prove the truth of the matters asserted.

Additionally, Plaintiff argues that all of the witness statements should not be deemed hearsay insofar as they will be offered for a reason other than proving the truth of the matter asserted. Specifically, Plaintiff contends that the statements will be used to show "notice with regard to the nature of the investigation being conducted by the FBI, and ... whether such an investigation could lead to the possibility of a qui tam action against SDRHA." Doc. #335 at 10. Defendants respond that this use must be rejected because notice is irrelevant to the summary judgment proceeding. Doc. #336 at 3. Specifically, Defendants argue that because "Plaintiff has

---

[9] Plaintiff does not suggest that any of the statements of SDRHA employees may be used against SDRHA itself. Even if made, this argument would be rejected. For a statement made by an employee or agent to be admitted against an employer, the statement must have been made "on a matter within the scope of that relationship …." Fed. R. Evid. 801(d)(2). Plaintiff has offered no argument or evidence that that any of the statements made in the 302s were made on matters within the scope of the speaker's agency or employment relationship with SDRHA.

failed to identify one single false claim to support her case, there is no objective evidence of a distinct possibility of a viable FCA claim against South Delta." *Id*.

Rather than decide the potential relevance of notice at this juncture, the Court will defer ruling on the issue until it addresses the motion for summary judgment. Accordingly, the Court will deem the statements conditionally relevant as to the issue of notice. *See* Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists …. [t]he court may admit the proposed evidence on the condition that the proof be introduced later."). Thus, for now, the witness statements may be deemed non-hearsay for the purpose of showing notice.

### B. Recordings of the FBI Agents

Under Rule 803(8), a piece of hearsay evidence may be admitted under the public records exception to the hearsay rule.[10] To this end,

> (A) A record or statements of a public office [qualifies under the public records exception] if it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report ... or (iii) in a civil case …. Factual findings from a legally authorized investigation; and
> (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8).

Plaintiff submits that the 302s qualify under the 803(8) exception because they set forth matters "observed while under a legal duty to report." Doc. #335 at 11. Defendants argue that: (1) the 302s are not records or statements of a public office; (2) the statements were not "matters observed"; (3) the agents had no "legal duty to report;" and (4) the statements are untrustworthy. Doc. # 336 at 3–4.

---

[10] Where the 803(8) exception is used for "summaries of interviews," the statements of the interviewees cannot be used unless justified under a separate hearsay exception. *Jesseup v. Miami-Dade Cnty.*, 697 F. Supp. 2d 1312, 1322 (S.D. Fla. 2010). Accordingly, invocation of the 803(8) exception does not independently justify admission of the 302s.

First, reports prepared by individual agents/officers qualify as reports of the public office itself.  *See U.S. v. Pena-Gutierrez*, 222 F.3d 1080, 1086–87 (9th Cir. 2000) ("district courts should admit [officer] law-enforcement reports, if at all, only under the public-records exception contained in Federal Rule of Evidence 803(8)").  Accordingly, Defendants' argument that the 302s do not qualify as statements of a public office is without merit.

Next, while the subject matters of the witness statements were not observed by the agents, it is clear that the statements themselves were "observed." Defendants' contention to the contrary is rejected.

"The 'duty to report' encompasses duties explicitly required by law, and also matters within the general subject-matter of the agency which logically assist it in fulfilling its functions, even if no specific statute or regulation mandate that such reports be made."  5 JONES ON EVIDENCE § 34:13 (7th ed.) (citing *U.S. v. Puente*, 826 F.2d 1415 (5th Cir. 1987)).  There can be no doubt that summaries of interviews conducted in the course of investigating a federal crime fall squarely within the category of "matters within the general subject-matter of [the FBI] which logically assist it in fulfilling its functions."  Accordingly, the Court concludes that the 302s meet the "duty to report" requirement of Rule 803(8).

In sum, the Court concludes that the 302s qualify as a record or statement of a public office and that the statements in the 302s are properly deemed matters observed while under a legal duty to report.  Having found that the 302s satisfy the requirements of subsection (A), the question becomes whether Defendants can satisfy their burden of showing that the documents are untrustworthy under 803(8)(B).

"Four factors are generally considered in determining trustworthiness: (1) the timeliness of the investigation; (2) the special skill or expertise of the official; (3) whether a hearing was

held and at what level; and (4) possible motivational problems." *Bingham v. Jefferson Cnty.*, No. 1:11-cv-48, 2013 WL 1312563, at *7 (E.D. Tex. Mar. 1, 2013) (quoting *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991)) (internal quotation marks omitted).

Defendants contend that the 302s are untrustworthy because: (1) the forms were not adopted by the witnesses as being accurate; and (2) three of the 302s (two of the Mattie Minor 302s and the DJ Williams 302) were executed between five and seventeen days after the relevant interviews. Doc. #336 at 5.

First, without evidence that the forms were offered to the witnesses for adoption, the lack of adoption is of little to no value in establishing trustworthiness. Similarly, Defendants have failed to offer any evidence tending to show that a delay of seventeen days between interview and execution of a 302 form is either unusual or renders the statements contained in the form untrustworthy.

In contrast, Plaintiff has introduced affidavits from the interviewing agents stating that they regularly conduct interviews of witnesses and that the 302s "accurately" document the relevant interviews. Doc. #335-1; Doc. #335-2. Upon consideration, the Court concludes that the agents' experience with interviews outweighs the weak evidence of untrustworthiness identified by Defendants. Accordingly, Defendants have failed to satisfy their burden of showing that the 302s are untrustworthy, and the Rule 803(8) hearsay exception applies.

**C. Summary**

In sum, the motion to strike the 302s will be granted in part and denied in part. The motion to strike will be denied as to the 302s reflecting statements made by Love, Sanders, and Cordell, provided that the statements are used against the speakers themselves. Furthermore, if

the issue of notice becomes relevant with regard to the motions for summary judgment, the 302s may be used to prove notice. The motion to strike the 302s will be granted in all other respects.

## III
## Procurement Policy

Finally, Defendants ask the Court to strike the document labeled as SDRHA Procurement Policy 2008 ("Document 307"). Doc. #307. Defendants argue that Document 307 has not been authenticated, as required for admission by the Federal Rules of Evidence. Doc. #332 at 5.

"Authentication … represent[s] a special aspect of relevancy. This requirement of showing authenticity falls in the category of relevancy dependent upon fulfillment of a condition of fact …." *Matter of Bobby Boggs, Inc*. 819 F.2d 574, 580 (5th Cir. 1987) (internal punctuation and quotation marks omitted). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims." Fed. R. Evid. 901(a). A written document may be authenticated by its "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4). In making this determination, a court should consider whether a challenged document "is consistent with other pieces of admissible evidence." *In re McLain*, 516 F.3d 301, 309 (5th Cir. 2008).

As a general matter, a document must be authenticated through the submission of extrinsic evidence unless such document falls within a class of "self-authenticating" documents enumerated in Rule 902 of the Federal Rules of Evidence. *See* Fed. R. Evid. 902. Plaintiff does not argue that Document 307 is self-authenticating.[11] Accordingly, the question becomes

---

[11] Although not addressed by either party, the Court notes that Document 307 likely could be self-authenticating under Rule 902(5) as a publication "issued by a public authority." *See Estep v. City of Somerset*, No. 10-286, 2011

whether Plaintiff has introduced sufficient evidence to prove that Document 307 is what she claims, that is, whether the document is SDRHA's 2008 Procurement Policy.

In seeking to establish authentication, Plaintiff has introduced two pieces of evidence: (1) minutes from an October 9, 2007, meeting of the SDRHA Board, which include a resolution "Authorizing and Adopting Amendments to the South Delta Regional Housing Authority Procurement Manual," Doc. #335-4 at 9; and (2) an affidavit from Plaintiff stating that the alleged Procurement Policy is "a copy of the document given to me by Ann Jefferson, and represented to me by Ann Jefferson to be the Revised Procurement Policy, which was revised by the SDRHA Board of Commissioners in October 2007," Doc. #335-3. Plaintiff argues that the October 9 minutes serve to authenticate Document 307 because: (1) the text of the amendment adopted by the Board mirrors language in Document 307;[12] and (2) Document 307 states that it was amended in October 2007, the date of the relevant Board meeting.

In sum, Document 307 is consistent with the date and contents of the October 2007 Board meeting. Furthermore, it is undisputed that the document was provided to Plaintiff by the then-Executive Director of SDRHA. Under these circumstances, the Court concludes that Document 307 has been properly authenticated as the 2008 SDRHA Procurement Policy. Accordingly, the motion to strike must be denied as to Document 307.

---

WL 845847, at *4 (E.D. Ky. Mar. 8, 2011) ("[t]he employee handbook is self-authenticating under Federal Rule of Evidence 902(5) as a publication 'issued by a public authority.'").

[12] The relevant Board resolution amended a section of SDRHA's Procurement Policy relating to "Exemptions Not Requiring Bids." Doc. #335-4 at 9. The section of Document 307 dealing with Exemptions Not Requiring Bids mirrors the language of the Board resolution.

## IV
## Conclusion

For the reasons above, Defendants' motion to strike [331] is **GRANTED in Part and DENIED in Part**.

SO ORDERED, this the 16th day of December, 2014.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**