**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**


**UNITED STATES OF AMERICA** *ex rel*                                        **PLAINTIFF**
**KELLY NICOLE HORTON**
**WUESTENHOEFER; and KELLY**
**NICOLE HORTON WUESTENHOEFER,**
**individually**

**V.**                                                        **NO. 4:10-CV-00012-DMB-DAS**

**A.J. JEFFERSON, et al.**                                        **DEFENDANTS**


## ORDER REGARDING PRYOR AFFIDAVIT

On August 21, 2014, in opposition to the motion for summary judgment filed by
Defendants Michael Lloyd and Lloyd and Associates, LLC, Plaintiff submitted an affidavit of
Angella Pryor, a Special Agent with the Office of Inspector General for the Department of
Housing and Urban Development ("HUD"). Doc. #227. In her affidavit, Special Agent Pryor
averred that Plaintiff provided her with "specific inside information which was the beginning of
[her] investigation" into embezzlement of HUD funds by Jimmy Johnson and Defendant Ann
Jefferson. *Id*. at ¶¶ 2–3. Pryor's affidavit also represents that "[a]s a direct result of being
informed of Ms. Jefferson's wrongdoing by [Plaintiff], HUD eventually conducted a Limited
Financial Assessment in 2011 …." *Id.* at ¶ 9.

On September 12, 2014, Defendant South Delta Regional Housing Authority ("SDRHA")
filed the instant motion to strike paragraph nine of Pryor's affidavit on grounds that the
paragraph is speculative and not based on personal knowledge. Doc. #243. In response to the
motion to strike, Plaintiff submitted a supplemental unsworn affidavit in which Pryor declares
that:

I also reaffirm paragraph 9 of my first declaration. Based on the information I developed during my investigation, I approached the Department to obtain their assistance. That is not unusual in cases of this magnitude to seek the expertise of others. At our meeting, it was decided the best assistance the Department could provide me would be a Limited Financial Assessment of the Housing Authority. If the Assessment states that it was conducted at the request of a HUD office, that may be technically correct, but it was a direct result of my investigation and my outreach to them for assistance.

Doc. #275-1 at ¶ 5.

On November 4, 2014, Plaintiff filed a motion to substitute Pryor's supplemental unsworn affidavit with a supplemental sworn affidavit. Doc. #334.

**I**
**Motion to Substitute**

Defendants have not responded to Plaintiff's motion to substitute [334] within the time allowed. Accordingly, the motion to substitute will be granted as unopposed. *See* L.U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed.").

**II**
**Motion to Strike**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, an affidavit "used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant … is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "A district court may rely upon affidavits in the summary judgment context where the affiants' 'personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters to which they swore.'" *Lohn v. Morgan Stanley, DW, Inc.*, 652 F. Supp. 2d 812, 823-24 (S.D. Tex. 2009) (quoting *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005)). Related to the personal knowledge requirement, the Fifth Circuit has held that courts may not "allow the

admission of pure hearsay or speculation as evidence to avoid summary judgment." *Vance v. N. Panola Sch. Dist.*, No. 98-60719, 189 F.3d 470, at \*2 (5th Cir. July 16, 1999) (citing *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992)).

Here, paragraph 9 of Pryor's affidavit states that HUD conducted a Limited Financial Assessment ("LFA") as a "direct result" of being informed by Plaintiff of Jefferson's wrongdoing. Doc. #227 at ¶ 9. In her notarized supplemental affidavit, Pryor clarified that her knowledge of HUD's motivation for conducting the LFA came from her attendance at the meeting during which HUD decided to take the action. Doc. #334-1 at ¶ 5. Under these circumstances, the Court concludes that it is reasonable to infer Pryor's personal knowledge regarding HUD's motivation for conducting the LFA from her presence at the meeting at which the decision was made.

Furthermore, while speculation is impermissible, "[c]ourts often have permitted lay witnesses to express opinions about the motivation or intent of a particular person if the witness has an adequate opportunity to observe the underlying circumstances." *Hansard v. Pepsi-Cola Metro. Bottling Co., Inc.*, 865 F.2d 1461, 1466 (5th Cir. 1989). Here, Pryor had an opportunity to observe and participate in the decision-making process surrounding the LFA. Accordingly, her opinion regarding the motivation for the decision is not speculative. *Id*.

### III
### Conclusion

For the reasons above, Plaintiff's motion to substitute [334] is **GRANTED** and Defendant South Regional Housing Authority's motion to strike [243] is **DENIED**.

SO ORDERED, this the 16th day of December, 2014.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**