# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel* **KELLY NICOLE HORTON WUESTENHOEFER; and KELLY NICOLE HORTON WUESTENHOEFER, individually** | **PLAINTIFF** |
| **V.** | **NO. 4:10-CV-00012-DMB-DAS** |
| **A.J. JEFFERSON, et al.** | **DEFENDANTS** |

## ORDER GRANTING IN PART
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This False Claims Act and unlawful retaliation action is brought by Kelly Nicole Wuestenhoefer ("Relator") on behalf of herself and the United States. Doc. #29. Relator alleges that her former employer, Defendant South Delta Regional Housing Authority ("SDRHA"), its Board of Commissioners, and various other persons and entities, engaged in "wrongful, fraudulent and illegal conduct" with regard to funds of the United States Department of Housing and Urban Development. *Id*. at 12. Relator also alleges that as a result of her cooperation with the Federal Bureau of Investigation's investigation into the defendants' illegal conduct, she experienced retaliation in the terms and conditions of her employment. *Id*. at 29. Before the Court is Relator's motion for partial summary judgment. Doc. #257.

## I
## Summary Judgment Standard

"Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law." *Norwegian Bulk Transport A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 411 (5th Cir. 2008) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). To award summary judgment, "[a] court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Id*. at 411–12 (internal quotation marks omitted). To this end, "[t]he moving party bears the burden of establishing that there are no genuine issues of material fact." *Id*. at 412. "When considering a motion for summary judgment, the Court "resolve[s] factual controversies in favor of the nonmoving party." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## II
## Relevant Facts

On February 17, 2012, the United States of America filed an amended superseding indictment against Ann Jefferson and Jimmy Johnson. *See U.S. v. Jefferson*, No. 4:11-cr-111 (N.D. Miss. Feb. 17, 2012) ("*Criminal Case*"), at Doc. #47-1. Of relevance here, the indictment charged that Jefferson, in her role as Executive Director for SDRHA: (1) violated 18 U.S.C. § 641 by "willfully and knowingly" aiding and abetting Johnson in embezzling and converting approximately $10,000 of United States property when she awarded Johnson a contract for construction that had already been completed and then caused SDRHA checks to be written to Johnson for payment on the contract ("Count One"); (2) violated 18 U.S.C. § 641 when she billed personal expenditures to an SDRHA account which she knew "included co-mingled federal funds" ("Count Four"); and (3) violated 18 U.S.C. § 1513(e) when she retaliated against Relator for Relator's assistance in the FBI investigation regarding Jefferson's conduct ("Count Seven").

Following a four-day trial, Jefferson was convicted on multiple counts of the superseding indictment, including Counts One, Four, and Seven. *Criminal Case* at Doc. #54. On May 1,

2014, the Fifth Circuit Court of Appeals affirmed Jefferson's convictions. *U.S. v. Jefferson*, 751 F.3d 314 (5th Cir. 2014). In upholding Jefferson's convictions under Counts One and Four, the Fifth Circuit held that:

> the evidence presented against Jefferson at trial was overwhelming. Johnson, Jefferson's co-defendant, testified that they embezzled government funds by creating a fraudulent $10,000 contract for work that had already been completed. [Angela] Brady corroborated Johnson's testimony – she helped Johnson cash a check written on the contract at a pawn shop and returned the funds to Jefferson. Testimony and exhibits at trial established that SDRHA repeatedly, at Jefferson's direction, paid for renovations at her Huddleston property, many of which were incorrectly invoiced to other properties. The receipts and requisition orders for a number of these renovations bore Jefferson's signature.

*Id*. at 321.

On September 12, 2014, citing Jefferson's convictions, Relator filed a motion for partial summary judgment in this action. Doc. #257.

### III
### Discussion

In her motion, Relator seeks summary judgment "as to defendant Jefferson on the issues of liability as to both the false claims portion of the lawsuit … and the anti-retaliation claims …. [Relator] also seek[s] to impose judgment as a matter of law as to liability with respect to SDRHA on the anti-retaliation claims …." Doc. #257 at 1. As basis for this relief, Relator invokes "Collateral Estoppel and/or Issue Preclusion" arising from Jefferson's convictions in federal court. Doc. #263 at 6.

"In principle, the law of collateral estoppel is clear; in application, it can be a slippery concept indeed." *U.S. v. Mock*, 604 F.2d 341, 343–44 (5th Cir. 1979). In its most basic form, collateral estoppel bars "litigation of an issue previously decided in another proceeding by a court of competent jurisdiction …." *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1421–22 (5th Cir. 1995). Fifth Circuit courts "apply federal law to the question of the res judicata or

3

collateral estoppel effect of prior federal court proceedings, regardless of the basis of federal jurisdiction in either the prior or the present action." *Jackson v. FIE Corp.*, 302 F.3d 515, 529 n.58 (5th Cir. 2002).

Generally, federal courts apply collateral estoppel "when four conditions are met: (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." *Copeland*, 47 F.3d at 1421–22. In the Fifth Circuit, "the party seeking collateral estoppel effect has the burden of proving this to be so." *Anderson, Clayton & Co. v. U.S.*, 562 F.2d 972, 992 (5th Cir. 1977) (citing *United States v. Int'l Building Co.*, 345 U.S. 502, 506 (1953)); *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050–51 (9th Cir. 2008) ("The burden is on the party seeking to rely upon issue preclusion to prove each of the elements have been met.").

In deciding issues of collateral estoppel, the "[t]he right to a full and fair opportunity to litigate an issue is, of course, protected by the due process clause of the United States Constitution." *Hardy v. Johns-Mansville Sales Corp.*, 681 F.2d 334, 338 (5th Cir. 1982). Accordingly, for collateral estoppel to apply, "a person against whom the conclusive effect of a judgment is invoked must be a party or a privy to the prior judgment." *Id.*; *see also Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber,* 327 F.3d 173, 184–85 (2d Cir. 2003) ("*Stichting*"). As a general matter, "[p]rivity can be found if one party controlled the earlier lawsuit and its interests were represented by the party to the first suit." *Drier v. Tarpon Oil Co.*, 522 F.2d 199, 200 (5th Cir. 1975) (internal quotation marks omitted); *see also Stichting*, 327 F.3d at 184–85 ("we have generally held that a

determination in a prior judicial proceeding collaterally estops a claim by a nonparty only if that nonparty was represented by a party to the prior proceeding, or exercised some degree of actual control over the presentation on behalf of a party to that proceeding").

### A. Collateral Estoppel Against SDRHA

In her motion for summary judgment, Relator argues (in a single paragraph), that insofar as Jefferson was convicted for retaliating against Relator for her role in the FBI fraud investigation, judgment is appropriate on the retaliation claim brought against SDRHA. Doc. #263 at 15–16. However, Relator has failed to point to any evidence or offer any argument that SDRHA controlled the course of Jefferson's criminal trial or that its interests were presented during the proceeding. Under these circumstances, the Court concludes that Relator has failed to meet her burden of showing that collateral estoppel based on Jefferson's convictions is warranted against SDRHA. *See Stichting*, at 327 F.3d at 186–87 (declining to apply collateral estoppel against employer as to conviction of employee where there was no evidence agency relationship existed during criminal trial and "[n]othing in the record suggests that [employer] controlled [the] trial strategy"); *see also Card Soft LLC v. First Data Corp.*, No. 2:13-cv-290, 2014 WL 2879695, at *4 (E.D. Tex. June 24, 2014) ("Plaintiff has failed to meet its burden. In particular, Plaintiff has failed to establish privity between Defendants and any relevant party.").

### B. Collateral Estoppel Against Jefferson

With regard to the False Claims Act, federal law recognizes two distinct but related forms of collateral estoppel. *U.S. v. Karron*, 750 F. Supp. 2d 480, 487–88 (S.D.N.Y. 2011), *aff'd,* 481 Fed. App'x 703 (2d Cir. 2012). First, the False Claims Act provides:

> Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall

estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730.

31 U.S.C. § 3731(e). In addition to § 3731(e)'s "statutory estoppel" provision, False Claims Act claims may be proven under "the federal common law principle" of collateral estoppel." *Karron*, 750 F. Supp. 2d at 487. Plaintiff's motion did not raise or address the statutory estoppel provision. Indeed, in her reply brief, Plaintiff concedes that her "counsel … was unaware of this statute." Doc. #324 at 2. Accordingly, the Court will address estoppel under federal common law only.

In assessing the applicability of collateral estoppel based on a criminal conviction, a court must "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matters. The inquiry must be set in a practical frame and viewed with an eye to all the circumstances of the proceeding." *U.S. v. Griggs*, 651 F.2d 396, 399 (5th Cir. 1981); *U.S. v. Fernandez*, 722 F.3d 1, 33–34 (1st Cir. 2013) (citing *Yeager v. United States*, 557 U.S. 110, 117–18 (2009)). As previously mentioned, collateral estoppel on an issue will be appropriate if a review of the record reveals that: "(1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." *Copeland*, 47 F.3d at 1421–22.

Here, Relator seeks collateral estoppel as to the following issues: (1) Jefferson "engage[d] in a criminal conspiracy with Jimmy Johnson;" (2) the "conspiracy consisted of a scheme to willfully and knowingly embezzle or convert to their own use funds that did not belong to them;" (3) the funds that were embezzled or converted by Jefferson and Johnson

6

through this scheme … include[d] federal funds which had been comingled with private funds;" (4) "the method employed by Jefferson and Johnson to accomplish this crime … utilized the presentment for payment of false claims, i.e. fraudulent invoices for services that were not rendered;" (5) the "criminal scheme result[ed] in the payment and loss of federal monies;" and (6) Relator was "retaliated against as a result of her efforts in cooperating with and assisting the federal government in its investigation of the false claims scheme of Jefferson." Doc. #263 at 7–8. Relator also argues that the convictions establish liability against Jefferson for presenting a false claim under 31 U.S.C. § 3729(a); and for retaliation under 31 U.S.C. § 3730(h).

1. "Conspiracy"

"As a matter of law, aiding and abetting the commission of a crime and conspiracy to commit that crime are separate and distinct offenses. The latter requires proof of an agreement to commit an offense; the former does not." *U.S. v. Nelson*, 599 F.2d 714, 716 (5th Cir. 1979); *see also U.S. v. Crawford*, 81 Fed. App'x 482 (5th Cir. 2003) ("the elements of aiding and abetting were not necessarily decided by his previous acquittal on conspiracy"). While the allegations of the superseding indictment certainly suggest the existence of an agreement between Johnson and Jefferson, nothing in the transcript of the criminal trial or the relevant pleadings suggests that the existence of an agreement was necessary to support conviction on any count in Jefferson's criminal case. In the absence of such evidence, the Court concludes that in this case collateral estoppel may not be used to establish a legal conspiracy.

2. **Embezzlement and Conversion of Federal Funds**

It is undisputed that Jefferson was convicted on Counts One and Four, which charged violations of 18 U.S.C. § 641 for embezzlement and conversion. *Criminal Case* at Doc. #47-1, at 2. At trial, U.S. District Judge Glen Davidson instructed the criminal jury that "[f]or you to

7

find the defendant guilty [on Count One] you must be convinced … beyond a reasonable doubt … that the money or property described in the indictment – namely … SDRHA[] funds – belonged to the United States … that said funds included commingled federal funds belonging to the United States." *Id.* at Doc. #94, at 202. As to Count Four, Judge Davidson instructed the jury that, in order to convict, it must conclude that "the defendant embezzled, stole, or converted to her own use goods and services belonging to [SDRHA] paid for with commingled federal funds." *Id*. at 205.

Based on the foregoing, the Court concludes that the issues of whether Jefferson and Johnson embezzled and converted federal funds from the SDRHA account was necessary to the convictions under Counts One and Four. Furthermore, insofar as Relator challenged the sufficiency of her convictions up to the Fifth Circuit, the Court concludes that the issue was fully and vigorously litigated. *See Gandy Nursery, Inc. v. U.S.*, No. 6:95-cv-837, 2001 WL 790242, at *9 (E.D. Tex. May 31, 2001), *remanded on other grounds*, 318 F.3d 631, 639 (5th Cir. 2003) ("the issue has been fully and vigorously litigated in the prior action, having been appealed and affirmed by the Fifth Circuit"). Finally, Jefferson has not identified, and this Court has been unable to find, any grounds which would render collateral estoppel on this issue unfair. Thus, the Court concludes that Jefferson is collaterally estopped from arguing that the transaction referenced in Count One of her superseding indictment did not involve the embezzlement of federal funds.

### 3. False Claims

Relator seeks to estop Jefferson from denying that the acts underlying her convictions qualify as "false claims" within the meaning of the False Claims Act. The False Claims Act defines the term "claim," providing that it:

> (A) means any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that--
> > (i) is presented to an officer, employee, or agent of the United States; or
> > (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government--
> > > (I) provides or has provided any portion of the money or property requested or demanded; or
> > > (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

31 U.S.C. § 3729(2).

Generally, to establish embezzlement or conversion under § 641, the government must prove: (1) "[t]hat the money … described in the indictment belonged to the United States government and had a value in excess of $1,000 at the time alleged;" (2) "[t]hat the defendant embezzled [or converted] such money … to the defendant's own use [or] the use of another[];" and (3) "[t]hat the defendant did so knowing the money … was not [hers], and with the intent to deprive the owner of the use … of the money …." *U.S. v. Jackson*, No. 13-131, 2014 WL 1664901, at *7 (E.D. La. Apr. 25, 2014) (citing Fifth Circuit Pattern Jury Instructions) (internal punctuation omitted). When federal funds are mixed with non-federal funds, the "key factor" in determining whether the funds "belonged to the United States government," as required by § 641, "is the supervision and control contemplated and manifested on the part of the government." *U.S. v. Evans*, 572 F.2d 455, 472 (5th Cir. 1978). As explained above, Judge Davidson's instructions as to Count One and Count Four required findings that the funds were "commingled federal funds."

Notably, neither the elements of § 641 nor the government's theory of liability, as set forth in the superseding indictment, requires a finding that the relevant demands for payment

9

were made to an "officer, employee, or agent of the United States."[1] Likewise, there is no indication that the jury was required (or even asked) to determine that the funds were earmarked for a particular government purpose. To the contrary, under relevant Fifth Circuit law, any inquiry into the federal relationship with the funds would have centered on government supervision and control, not the purpose for which the funds were to be used. *See Evans*, 572 F.2d at 472. Put differently, the jury could have concluded that SDRHA received HUD funds without reaching a conclusion as to the purpose of the funds.

Accordingly, Relator has failed to sustain her burden of showing that the requirements of a "claim" under the False Claims Act were necessarily determined by Jefferson's conviction.

### 4. Payment and Loss of Money

Relator argues that Jefferson's convictions estop her from denying that her "scheme" resulted in the "payment and loss of federal monies."

At Jefferson's trial, Judge Davidson instructed the jury that, in order to convict on embezzlement and conversion, it must conclude that Jefferson engaged in a "wrongful taking" of goods or property. *Criminal Case* at Doc. #94, at 203. In the superseding indictment, the government alleged a wrongful taking with respect to Count One on the grounds that Jefferson caused two checks to be written from an SDRHA account and that the checks were cashed. With regard to Count Four, the government based liability on the allegation that Jefferson "fraudulently billed [personal items] to SDRHA's non-HUD account, knowing that the … account included … federal funds …." *Id.* at Doc. #47-1, at 4–5. In his jury instruction, Judge Davidson charged the jury that, in order to convict under Count Four, it must conclude that "the

---

[1] Notably, a municipal housing agency that receives HUD funds is not an agent of the United States. *See Eubanks v. U.S.*, 25 Cl. Ct. 131, 138 (1992) ("HUD's statutory, regulatory and contractual control over the use of funds provided for the program to the Topeka Housing Authority does not convert the Topeka Housing Authority into an agent of the United States, with the authority to contractually bind the sovereign.").

defendant embezzled, stole, or converted to her own use goods and services belonging to [SDRHA] paid for with commingled federal funds." *Id.* at Doc. #94, at 205.

In light of the pleadings and relevant jury instructions, the Court concludes that the payment of federal monies was an issue necessarily determined by Jefferson's convictions under Count One and Count Four. The Court further concludes that, for the reasons set forth above, the issues of payment were fully litigated and that there are no special circumstances counseling against application of collateral estoppel. Thus, Jefferson is collaterally estopped from arguing that the conduct described in Count One and Count Four did not result in the payment of federal funds.

As to loss, the Fifth Circuit has held that § 641 does not "require[] that the government prove it suffered an actual property loss." *U.S. v. Barnes*, 761 F.2d 1026, 1035 (5th Cir. 1985). Because the government was not required to prove loss, it follows that loss was not necessary to the jury's verdicts; thus, summary judgment must be denied in this regard.

### 5. Retaliation

Relator also seeks to estop Jefferson from denying that she "retaliated against [Relator] as a result of her efforts in cooperating with and assisting the federal government in its investigation of the false claims scheme of Jefferson." Doc. #263 at 7–8.

Count Seven of the superseding indictment alleged that, in violation of 18 U.S.C. § 1513(e), Jefferson "interfere[d] with the lawful employment and livelihood of [Relator] on account of the witness having provided to a law enforcement officer truthful information relating to the commission of federal offenses." *Criminal Case* at Doc. #47-1, at 7. At trial, the government presented evidence that, "[u]pon learning that [Relator] was cooperating with the

11

FBI, Jefferson was described as 'furious and said that she was going to get her' and 'fire her a—.'" 751 F.3d at 318.

At the conclusion of trial, Judge Davidson instructed the jury that, in order to convict under Count Seven:

> you must first be convinced that … first … the defendant retaliated against or took action harmful to [the] person named in Count[] 7 … of the indictment as set forth in the indictment; … second, that the defendant did so because … the named federal witness had provided to a federal law enforcement officer truthful information relating to the commission of federal offenses; and, third, that the defendant did so knowingly with the intent to retaliate.

*Criminal Case* at Doc. #94, at 206–07.

Upon consideration, the Court concludes that Jefferson's conviction under Count Seven required a finding that Jefferson retaliated against Relator for Relator's cooperation with the FBI investigation and that, therefore, collateral estoppel should be applied to this issue.

### 6. Retaliation Liability

31 U.S.C. § 3730(h) provides in relevant part:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

In recent years, courts have split on whether § 3730(h), which was amended in 2009, allows for causes of action against individual defendants. *See Lipka v. Advantage Health Group, Inc.*, No. 13-cv-2223, 2013 WL 5304013, at *10–11 (D. Kan. Sep. 20, 2013) (setting forth split of authority). Courts which have found individual liability in the statute have based their holdings on the fact that the 2009 amendment removed the word "employer" from the statutory language. *See U.S. ex rel. Moore v. Cmty. Health Servs., Inc.*, No. 3:09-cv-1127, 2012 WL 1069474, at *9

12

(D. Conn. Mar. 29, 2012) ("Section 3730(h) following the 2009 amendments … conspicuously omits the word 'employer.'"). However, those courts which have analyzed the relevant legislative history have concluded that the amendment, which did not reference individual liability, was not intended to overturn years of case law holding that the statute did not apply to individuals. *See, e.g, Aryai v. Forfeiture Support Assocs.*, No. 10-cv-8952, 2012 WL 10911406, at *7 (S.D.N.Y. Aug. 27, 2012) ("[I]f Plaintiff is correct, Congress overturned this line of authority by negative implication. That seems unlikely given that Congress could have simply replaced 'employer' with 'any person.'"); *Wichansky v. Zowine*, No. CV-13-01298, 2014 WL 289924, at *3 (D. Ariz. Jan. 24, 2014) ("Cases that examine the legislative history have concluded that the 2009 amendments were intended to retain the requirement that an FCA defendant have some employer-type relationship with the plaintiff.").

Upon consideration, the Court finds the latter line of cases persuasive and holds that § 3730(h) does not provide a cause of action against individual non-employer defendants. Relator has not argued or presented evidence that she was in an employer-employee relationship with Jefferson. Accordingly, summary judgment against Jefferson as to liability on the retaliation claim must be denied.

### 7. Liability Under the False Claims Act

Finally, Relator argues that the convictions require the imposition of liability against Jefferson under 31 U.S.C. § 3729(a). The relevant provision provides for liability against "any person who … knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." As explained above, the convictions do not justify the application of collateral estoppel as to the existence of a "claim," as that term is used in the False Claims Act.

Accordingly, the motion for summary judgment as to liability against Jefferson on the False Claims Act claim must be denied.

## IV
## Conclusion

For the reasons above, Relator's motion for partial summary judgment is **GRANTED in part and DENIED in part**.  The motion is granted against Jefferson to estop her from denying that: (1) the funds she embezzled or converted through the conduct described in Count One and Count included federal funds; (2) her conduct as described in Count One and Count Four of her superseding indictment resulted in the payment of federal monies; and (3) she retaliated against Relator in response to Relator's cooperation with the FBI's investigation into Jefferson.  The motion is denied in all other respects.

SO ORDERED, this the 31st day of December, 2014.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**